```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROSARIO JOSEPH LO SARDO,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      14-CV-6710(JS)(GRB)

OFFICER RIBAUDO of the 6th Police
Precinct, SUFFOLK COUNTY 6TH POLICE
PRECINCT, BARBARA J. FIALA,
Commissioner of Motor Vehicles,
and the STATE OF NEW YORK,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Rosario Joseph Lo Sardo, pro se
                    25 Mosby Drive
                    Lake Grove, NY 11755

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On November 14, 2014, pro se plaintiff Rosario Joseph LoSardo ("Plaintiff") filed a Complaint in this Court against Suffolk County Police Officer Ribaudo ("P.O. Ribaudo"), the Sixth Police Precinct, the Commissioner of the Department of Motor Vehicles Barbara J. Fiala ("Commissioner Fiala"), and the State of New York (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is

GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following facts, in their entirety:[2]

> On March 8, 2014, I was driving down Middle Country Road headed for Pep Boys to fix my 2003 Grand Caravan Sport V6 3.3 liter which was then insured by Commercial General Insurance. The car was running ruff and hesitating when I saw heard a siren and flashing lights. I pulled over to the right shoulder of the road. Officer Ribaubo asked "Are you drunk", I said I was not, he then asked for my driving License, Registration, & Insurance. When he returned he said "You're a F**king Hippy" because of my long hair, and he said "I'm going to teach you a lesson". He told me "I'm writing you 3 summons: suspended license, suspended registrations, and no insurance". When I told him I was no Hippy and the fact I had insurance. He said "I know that but this will screw you up with the Motor Vehicles" Now I could not legally drive and could not get to my appointments and it was the end of my in-home hair dressing business that pay my bills. On June 9, 2014 Judge Barbara Dalli dismissed all of Officer Ribaudo's lies, but that didn't matter to the Motor Vehicles, they demanded I return my License Plates, driving License, and car registration. That would make the betrayal

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The excerpt from the Complaint is reproduced here exactly as it appears in the original and errors in spelling, punctuation, and grammar have not been corrected or noted.

2

> complete and my car, the only thing I own which thousands of dollars of my possessions in it. It would be declared abandoned and towed away.

(Compl. ¶ III.) As a result of the foregoing, Plaintiff seeks to have the Court "punish the guilty parties in the amount of One Million dollars." (Compl. ¶ V.) Plaintiff further claims that "[t]hey owe me a new car to replace my car that is rusted in-side and out, including the engine. A Salon and Spa in great location, [a] [h]ouse in the area, with an adjustable bed, and bathroom with walk-in bath and shower." (Compl. ¶ V.) Finally, Plaintiff seeks to have the Department of Motor Vehicles "dismiss all mon[e]t[a]ry claims" and "allow me to again buy car insurance." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii),

1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

4

> States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Although Plaintiff does not allege any particular cause of action in his Complaint, affording the pro se Complaint a liberal construction it appears that Plaintiff claims he was falsely arrested and denied due process of law.

### A. Due Process Claims

#### 1. Claims Against the State of New York and Commissioner Fiala Seeking Monetary Damages

Under the Eleventh Amendment, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, "[p]rivate citizens may not maintain an action in federal court against a State itself, or against a state agency, unless the State has waived its sovereign immunity . . . ."

Baker v. Dep't of Envtl. Conservation of State of N.Y., 634 F. Supp. 1460, 1462 (N.D.N.Y. 1986) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 907, 908, 79 L. Ed. 2d 67 (1984)). Likewise, the Eleventh Amendment bars suits for monetary damages against a state official acting in his or her official capacity. See Salvador v. Lake George Park Comm'n, No. 98-CV-1987, 2001 WL 1574929, at *2 (N.D.N.Y. Mar. 28, 2001), aff'd 35 F. App'x 7 (2d Cir. 2002). The State has not waived its sovereign immunity for claims pursuant to Section 1983. See id. at *2 ("The United States Supreme Court has expressly held that Congress did not intend 42 U.S.C. § 1983 to abrogate the sovereign immunity of states."). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993).

As is readily apparent, Plaintiff's Section 1983 claims for money damages against the State of New York are barred by the Eleventh Amendment. Similarly, as a state official, Commissioner Fiala is protected by Eleventh Amendment sovereign immunity. Mullin v. P & R Educ. Servs., Inc., 942 F. Supp. 110, 112 (E.D.N.Y. 1996) (quoting Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y 1996) (holding that "sovereign immunity of the Eleventh Amendment extends to 'state officials who are sued in [his or her] official capacity

6

since a suit brought against 'a state official in [his or her] official capacity is not a suit against the official but rather a suit against the official's office." (alteration in original)).

Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff has not alleged any conduct on the part of Commissioner Fiala to indicate her personal involvement in any of the challenged conduct. Furthermore, Plaintiff's Section 1983 claims for money damages against the State and Commissioner Fiala in her official capacity must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Thus, any Section 1983 claims seeking monetary damages against these Defendants are implausible as a matter of law and are thus DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

2. Claims Against Commissioner Fiala Seeking Injunctive Relief

To the extent that Plaintiff seeks prospective injunctive relief, namely an order compelling the Department of Motor Vehicles to "re-establish me to the road[] and allow me to again buy car

insurance" (Compl. ¶ V), this claim is not barred by the Eleventh Amendment. See Connecticut ex rel. Blumenthal v. Cahill, 217 F.3d 93, 101 (2d Cir. 2000) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotations marks and citation omitted); see also Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2005) ("[S]tate officials can be subject to suit in their official capacities for injunctive or other prospective relief."). Nevertheless, Plaintiff's claim for injunctive relief is implausible because New York law provides an adequate post-deprivation remedy.

"It is well established that many state-created privileges, such as a license to drive, are not to be taken away without that procedural due process required by the Fourteenth Amendment." Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir. 1998) (internal quotation marks and citation omitted). Generally, "the Due Process Clause requires that the state not deprive an individual of a significant liberty or property interest without affording notice and some opportunity to be heard prior to the deprivation." Id. However, "[a] deprivation of liberty or property through the conduct of a state employee whose acts are random and unauthorized [ ] does not constitute a procedural due process violation so long as the state provides a meaningful"

post-deprivation remedy. Id. Thus, even if Plaintiff was not afforded adequate pre-deprivation process, his "due process claim for the deprivation of a property interest is not cognizable in a federal district court if state courts provide a remedy for the deprivation of that property interest." Gabris v. N.Y. City Taxi & Limousine Comm'n, 05-CV-8083, 2005 U.S. WL 2560384, at *3 (S.D.N.Y. Oct. 12, 2005) (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203-4, 82 L. Ed. 2d 393 (1984)) (additional citation omitted).

"Article 78 of the New York Civil Practice Law, an amalgam of the common law writs of certiorari to review, mandamus, and prohibition," Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 881 (2d Cir. 1996), "provides the mechanism for challenging a specific decision of a state [or municipal] administrative agency," Gabris, 2005 WL 2560384, at *3 (quoting Campo v. N.Y. City Employees' Ret. Sys., 843 F.2d 96, 101 (2d Cir. 1988)); see also N.Y. C.P.L.R. §§ 7801 et seq. Thus, because the opportunity to pursue an Article 78 proceeding in New York State Supreme Court "constitutes a wholly adequate post-deprivation hearing for due process purposes," Nnebe v. Daus, 665 F. Supp. 2d 311, 330 (S.D.N.Y. 2009) (citing Locurto v. Safir, 264 F.3d 154, 174 (2d Cir. 2001)), Plaintiff had a meaningful post-deprivation remedy. Accordingly, Plaintiff's due process claim here fails as a matter of law and is thus DISMISSED pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) WITHOUT PREJUDICE to Plaintiff pursing any valid claims he may have against Commissioner Fiala in state court.

B. False Arrest Claims

1. Claim Against Suffolk County

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Suffolk County. It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'" (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

11

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Section 1983 claim against Suffolk County is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Claim Against Officer Ribaudo

Plaintiff also seeks to impose liability against Officer Ribaudo for false arrest. To establish a false arrest claim under § 1983, a "plaintiff must show: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (citation omitted); see also Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Courts, however, have repeatedly held that the issuance of a traffic ticket or court summons alone does not constitute a seizure under the Fourth Amendment for the purposes of establishing a false arrest or malicious prosecution claim. Indeed, "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." Burg v. Gosselin, 591 F.3d 95, 98 (2d Cir. 2010); DePiero v. City of Macedonia, 180 F.3d 770, 789 (6th Cir. 1999) ("Plaintiff cannot claim issuance of the traffic ticket

effected a 'seizure' because upon appearing to answer the charges in the ticket, he would have been afforded a trial. On the date he was issued the parking ticket, he was 'free to leave.' As a result, plaintiff has no § 1983 claim against [the police officer] for issuance of the ticket."). See also Martinez v. Carr, 479 F.3d 1292, 1299 (10th Cir. 2007) ("[T]he mere issuance of a citation requiring presence at future legal proceedings does not qualify as a constitutional 'seizure'. . . ."); Mangino v. Inc. Vill. of Patchogue, 739 F. Supp. 2d 205, 228 (E.D.N.Y. 2010) on reconsideration in part, 814 F. Supp. 2d 242 (E.D.N.Y. 2011) ("'No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes. To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim.'" (quoting Bielanski v. Cnty. of Kane, 550 F.3d 632, 642 (7th Cir. 2008)). Consequently, Plaintiff's Section 1983 claim for violation of his Fourth Amendment rights arising from the issuance of the traffic summonses at issue is implausible since there was no seizure within the meaning of the Fourth Amendment. See, e.g., Holmes v. McGuigan, 184 F. App'x 149, 151–52 (3d Cir. 2006) ("Having to defend oneself against a speeding ticket is not a seizure"). Accordingly, Plaintiff's Section 1983 claim against Officer Ribaudo is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). Plaintiff's claims against Commissioner Fiala seeking injunctive relief are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) WITHOUT PREJUDICE to Plaintiff pursuing any valid claims he may have against Commissioner Fiala in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __5__, 2015
      Central Islip, New York